Charles E. RUESING *v.* CITY OF CONWAY

84-211                                                      683 S.W.2d 922

Supreme Court of Arkansas
Opinion delivered February 11, 1985

*Guy H. "Mutt" Jones, Sr., Phil Stratton,* and *Casey Jones,* by: *Phil Stratton,* for appellant.

*Jesse W. Thompson,* for appellee.

DARRELL HICKMAN, Justice. The only issue before us in this case is the extent of the City of Conway's ownership of certain land condemned in 1955 to build the Beaverfork Reservoir for a water supply. The chancellor, in a declaratory judgment action concerning this issue, declared that the city took the land in fee simple, and we find that he was right. We only have the city's complaint and the order of taking to rely on, just as the trial court did, in making our decision.

The city had to condemn the land of John A. Robinette and his wife because thay would not sell. It filed a condemnation suit to "take and inundate" certain described land which is "below 301 feet above mean sea-level or which, being above said level, is within 20 feet of any lands that are below said level. . . ." Twenty-five hundred dollars was deposited as damages for the taking. The lake was built. Undoubtedly, since then some adjoining landowners have used the lake for recreational purposes, because boat dock permits are issued to adjoining landowners by the City of Conway. The appellants argue this shows the use of the land. In any event, the appellants obtained a quitclaim deed from the Robinettes to the condemned land and claimed that, at the most, the city merely owned an easement and that they owned the land, especially the 20 feet not intended to be inundated. They filed this suit to determine the city's interest in the land.

The appellants argue that a condemning authority may only take the estate in property that is necessary to satisfy the purpose, and since it did not need a fee simple, one was not taken. *Young* v. *Gurdon,* 169 Ark. 399, 275 S.W. 890 (1925). The 1955 order of taking does not state precisely what title the city took, whether the fee simple or easement, so we must look to the language of the order and the complaint to make our decision. We find the city took the land in fee simple for several reasons. It had the authority to do so. Ark. Stat. Ann. § 35-902 (Repl. 1962). The order of taking said it was necessary "to take and inundate" the land. The city asked " . . . said lands be condemned and this court fix the *value* of said lands so taken." (Italics supplied.) All of this confirms that the city sought the property in fee simple absolutely, not

just for a use by prescription. The Robinettes did not challenge the order.

However, the appellants argue that at least the 20 feet should not be considered as taken in fee simple because it is not covered by the lake. But the order does not discriminate. Instead, in one unbroken sentence, it says all is taken together: "All that part . . . which is below 301 feet above mean sea-level or which, being above said level, is within 20 feet of any lands that are below said level . . . "

A boat dock permit, such as the one used by the city, was added as an exhibit to show the current use of the property and also a letter from the manager of the city owned water system which says: "[W]e feel that Beaverfork Reservoir should no longer be considered a part of the water supply system of the City of Conway and, unless some extreme emergency should arise, the Conway Corporation as operators of the city owned water system has no further interest in Beaverfork Reservoir." We do not rule on the policy of the City of Conway or its treatment of landowners regarding boat dock permits; nor whether the city has actually abandoned the lake for the purposes originally taken. Those issues are not before us. The trial court ignored this evidence, as we do, because the issue is what was taken in 1955, not what practice or use may exist today.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The City of Conway never even attempted to take anything but an easement on the 20 feet of land immediately adjacent to the 301 foot level. The easement obtained was only for the purpose of protecting the city's water supply. The impoundment is no longer used by the city because they have a new and better source. This 20 foot strip was never inundated by the City or used for anything except control of the lake.

The original complaint alleged the purpose of taking was to "take and inundate" the described lands. The order of

taking never purported to take a fee simple. It has been long settled that eminent domain takings are limited to no greater interest than is absolutely necessary to meet the public needs. *Young* v. *Gurdon*, 169 Ark. 399, 275 S.W. 890 (1925). All the city ever needed was a place to store water and it no longer needs the land. At least the 20 foot strip should revert to the original owners or their heirs or devisees.